Scott, C.J.
We fully recognize the principle contended for by counsel for the plaintiff in error, in this case, that the *97 owner of real property is responsible for all nuisances, created or continued thereon, either directly by himself, or indirectly by his agents, or others acting by his authority, and under his control. Whenever the relation of principal and agent, or master and servant, is shown to exist, the rule of respondeat superior applies, and he who has the power of control is held responsible for its exercise. But thé charge of the court below-does not appear to be in conflict with this rule of liability. On the contrary, it seems fully to harmonize with, and rest upon the very principle we have stated.
The court charged the jury, that if the nuisance complained of was originally created by the defendant, the plaintiff would have a right to recover, although at the time of the injury, the premises were in - the sole possession of another. And the charge contains no denial of the defendant’s liability for the acts of its agents, or person acting under its authority, direction or control.
The defendant’s charter expressly gave to other railroad companies the right to join and connect their respective roads with defendant’s road, on such terms as said companies might agree upon. It was, therefore, competent for the defendant to make such an agreement with the Dayton, Xenia and Belpre Company as would give the latter the right to lay its rails on the side of defendant’s road-bed, and to have the exclusive use of the same, when laid, for the purpose of making such connection. And after having thus parted with the possession and control of a portion of its land, for this lawful purpose, we know of no sound principle which can make the defendant responsible for the improper manner in which the Dayton, Xenia and Belpre Company may have exercised its power of control over the premises. Unless the defendant’s contract contemplated, or its execution necessarily involved the production of a nuisance, it can not be held answerable for the negligent and wrongful manner in which the Dayton, Xenia and Belpre Company constructed a track for its own sole use, upon premises no longer in the possession or control of the defendant. The rule of liability in such cases is sufficiently stated, with a reference to the leading authorities bearing on *98 the subject, in the case of Clark v. Fry, 8 Ohio St. Rep. 358, and a further discussion of it is deemed unnecessary.
Whether the terms of the agreement between the two railroad companies, placed the construction and use of the connecting track, on which the alleged nuisance existed, under the sole control of the Dayton, Xenia and Belpre Company, and whether that company in fact created the nuisance, and had the sole possession and use of that track thence forward until the occurrence of the injury complained of, were questions of fact, which were properly left to be ascertained by the jury, from the evidence. If the evidence answered these questions affirmatively, then the jury was properly instructed to find for the defendant.
In relation to that part of the charge, which holds the defendant bound to keep the bridge in repair, so as to afford the means of safe transit for foot passengers, so long as the company permitted it to be used for that purpose, the plaintiff in error can have no just ground of complaint. The defendant was held responsible for the condition of the bridge, to the full extent of the defendant’s possession and power of control.
Judgment affirmed.
Sutliee, Peck, Gholson. and Bbinkerhoee, J J., concurred.